**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**TYRONE DUNCAN** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-CV-369-JHM**

**J.O. BLANTON HOUSING, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

*Pro se* Plaintiff Tyrone Duncan initiated this 42 U.S.C. § 1983 civil rights action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed without prejudice and with leave to file an amended complaint.

## I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff sues "J.O. Blanton Housing" and an unnamed employee "case worker" alleging that he was denied housing opportunities on the basis of his criminal background.[1] He does not identify the capacity in which he sues these Defendants.

The complaint alleges that Defendants refused to rent Plaintiff an apartment and that he is homeless as a result. Plaintiff seems to indicate that Defendant "case worker" has not provided him with assistance and that he "can not live in Kentucky State cause my background." He appears to further allege that, while he was denied housing by Defendants, he knows other individuals with criminal histories who occupy the apartments at the J.O. Blanton House.[2]

[1] The complaint is somewhat incomplete and consists of broad, vague allegations. The Court has made its best effort to interpret and summarize Plaintiff's claims.
[2] Plaintiff submits a letter from his social worker (identified as "Mr. Tim" in the complaint), which lends some clarity to the allegations. (DN 9-1). It indicates that Plaintiff has applied for "numerous subsidized and senior housing apartments," including the J.O. Blanton House, but Plaintiff's applications have all been denied "due to his criminal record." (*Id.*).

Plaintiff states that he believes his constitutional and civil rights have been violated by Defendants' actions described above. He seeks monetary damages and injunctive relief in the form of "justice."

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Additionally, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Although this pleading standard does not require "detailed factual allegations," a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Iqbal*, 556 U.S. at 678 (quotation marks and citations omitted).

## III. ANALYSIS

### *A. Section 1983*

Plaintiff filed his complaint on this Court's *pro se* prisoner 42 U.S.C. § 1983 complaint form. (DN 1). However, he cites no federal statutes or United States Constitutional provisions in support of his allegations, and he does not appear to be presently incarcerated. To the extent Plaintiff seeks to bring this action under § 1983, it must be dismissed for the following reasons.

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As a general rule, "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). There are limited circumstances under which the "conduct allegedly causing the deprivation of a federal right [may] be fairly attributable to the State," *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982), such as when a private entity exercises powers which are traditionally exclusively reserved to the state. *See Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995); *see generally Weser v. Goodson*, 965 F.3d 507, 515–16 (6th Cir. 2020) (explaining that "the public function test, the state compulsion test, and the nexus test" determine whether a private actor may be treated as a state actor) (citations omitted).

Here, Plaintiff has sued an apartment complex and an employee thereof. He does not allege that either Defendant is a state or local government agency, official, or employee. To the extent that Defendant J.O. Blanton House provides federally subsidized housing, "[t]he Supreme Court has held that private parties are not engaged in state action even if they receive substantial governmental assistance." *Baldridge v. Indep. Apartments*, No. 16-2293-JDT-DKV, 2016 WL 11479289, at *4–5 (W.D. Tenn. July 6, 2016), *report and recommendation adopted*, 2016 WL 4006122 (W.D. Tenn. July 26, 2016) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840–41 (1982) (holding that there was no state action even though private educational institution received almost all of its funding from the state)). Thus, a defendant's participation in a federally subsidized housing program or its receipt of Section 8 funding does not, on its own, constitute state action. *See, e.g.*, *Baldridge*, 2016 WL 11479289, at *5 ("Apart from stating that Independent Apartments receives funding from the government, Baldridge does not state in what other manner Independent Apartments or Tesco were acting under color of state law."); *Lillacalenia v. Vue at 3rd St.*,

No. 3:24-CV-123-CHB, 2024 WL 2274540, at *2 (W.D. Ky. May 20, 2024) (dismissing § 1983 claim against apartment complex on initial review and observing that "[d]efendant is not engaged in state action merely because it accepts rent assistance for individuals who qualify for Section 8 housing aid"); *Benford v. Smith*, No. 1:04-CV-337, 2005 WL 1325003, at *3 (E.D. Tenn. June 3, 2005) (participation in the Section 8 housing program is insufficient to transform a private party into a state actor) (citing, *inter alia*, *Morris v. Dehaan*, No. 90-2190, 1991 WL 177995, at *4 (6th Cir. Sept. 12, 1991)); *Baker v. Gerdenich Realty Co*., No. 3:08 CV 36, 2008 WL 11383505, at *2 (N.D. Ohio July 7, 2008) ("federal financial support to owners of the properties managed by Defendant is insufficient to make Defendant's conduct equivalent to state action under Section 1983").

Because Plaintiff does not allege that Defendants are state actors, any claim brought pursuant to 42 U.S.C. § 1983 must be dismissed for failure to state a claim upon which relief must be granted.

***B. Amendment***

While Plaintiff's complaint does not set forth any specific cause of action or identify any federal law under which he seeks to bring his claim, the Court notes that the federal Fair Housing Act (FHA) prohibits discrimination against "any person because of race, color, religion, sex, familial status, or national origin" or to otherwise make unavailable or deny a dwelling to any buyer or renter because of a disability. 42 U.S.C. § 3604(a), (f)(1); *see Linkletter v. W. & S. Fin. Grp., Inc*., 851 F.3d 632, 637 (6th Cir. 2017).

Plaintiff's complaint does not allege that Defendants denied his rental applications based on one of the protected characteristics identified above, but rather due to his criminal background. *Gaston v. Lake Shore Towers*, No. 1:18 CV 2440, 2019 WL 950185, at *2 (N.D. Ohio Feb. 27,

2019) ("Having a felony criminal record is not a characteristic protected by the FHA and it does not qualify as a disability."); *see also Nance v. Mayfield Plaza Apartments Mgmt.*, No. 5:22-CV-P164-JHM, 2023 WL 3854911, at *4 (W.D. Ky. June 6, 2023) ("[p]laintiff's status as a felon is not a class protected by the FHA"). Plaintiff seems to allege that he knows or is aware of persons who rent apartments at the J.O. Blanton House that also have criminal backgrounds, which suggests that Defendants' criminal history screening criteria may be unevenly applied. Without additional facts, however, Plaintiff's allegations fail to make out a claim under the FHA. The Court will therefore dismiss this action without prejudice and with leave to amend the complaint for Plaintiff to identify whether he was discriminated against for any reason prohibited by the FHA and to provide additional information about Defendants, including the name of the case worker alleged to have participated in the actions described above. *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021) (a court may dismiss without prejudice and with leave to amend if a complaint violates Rule 8).

Should Plaintiff choose to amend his complaint, he must file his complaint on the proper form and comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. In completing the new form, Plaintiff should name the Defendants he wishes to sue and state his facts and claim(s) in the spaces provided. Plaintiff should complete the form to the fullest extent possible, setting forth the factual and legal basis for each claim against a particular defendant explaining *who* did something, *what* they did, *when* they did it, and *why* those actions violated Plaintiff's rights.

The **Clerk of Court is DIRECTED** to place this case number and the word "Amended" on a civil complaint form and send it to Plaintiff, along with two summons forms, should Plaintiff

wish to amend the complaint. Any amended complaint must be filed **on or before November 6, 2026**.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: October 6, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015